# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHERRY GREENE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1046** (BOR Appeal No. 2047100)
(Claim No. 2011040649)

**HEARTLAND EMPLOYMENT SERVICES, LLC**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherry Greene, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Heartland Employment Services, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 17, 2012, in which the Board reversed, in part, and affirmed, in part, an April 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 25, 2011, decision which denied a request for a referral to Joseph Prud'homme, M.D., and/or another hand specialist and a request for a one-time change of physician to Michael Kominsky, D.C. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Greene, a physical therapy assistant, injured her right elbow in the course of her employment on June 2, 2011, when she was moving a wheelchair behind a patient. Her claim was held compensable for right elbow sprain/strain. A progress note by S. Brett Whitfield, M.D., showed that Ms. Greene's injury was caused by overuse. Her symptoms began in January of 2011 but worsened in June of 2011. An MRI showed a partial tear of the brachialis muscle. When Dr. Whitfield examined her in August of 2011, her brachialis muscle pain had resolved

1

and she had begun experiencing pain in her bilateral forearms. Dr. Whitfield recommended Ms. Greene undergo a consultation with Dr. Prud'homme, because it was possible she was suffering from a type of inherent muscle problem, such as late onset multiple sclerosis.

Ms. Greene was evaluated by Dr. Kominsky in September of 2011. During the evaluation, she reported pain, numbness, and tingling in her bilateral forearms and her left hand. Dr. Kominsky diagnosed her with a sprain/strain of the distal brachialis muscle and ulnar nerve neuropathy. Participation in a strengthening program was recommended. Paul Bachwitt, M.D., performed an independent medical evaluation one month later. He diagnosed a right forearm sprain with possible aggravation of the elbow. He recommended no further treatment and opined that a consultation with Dr. Prud'homme was unnecessary. No objective findings were discovered to support the subjective complaints, and Ms. Greene was deemed to be at maximum medical improvement and capable of returning to work. In November of 2011, Ms. Greene presented in Raleigh General Hospital's emergency room with complaints of bilateral forearm pain. She was advised to stop taking the medication Crestor because it could be causing myalgia.

The claims administrator denied Ms. Greene's request for a referral to Dr. Prud'homme and/or another hand specialist as well as her request for a one-time change of physician to Dr. Kominsky on October 25, 2011. The Office of Judges reversed the decision in its April 6, 2012, Order. The Office of Judges found that the claims administrator's decision was based upon Dr. Bachwitt's independent medical evaluation. It determined that Dr. Bachwitt's conclusion that Ms. Greene was at maximum medical improvement was premature. She has consistently complained of pain, numbness, and tingling in her forearms and since the problem has persisted, the Office of Judges found it reasonable to refer her to a hand specialist. Because both Dr. Whitfield and Dr. Kominsky agreed that she should be referred to Dr. Prud'homme, the Office of Judges held that Ms. Greene met her burden of proof to show that she should be referred for a second opinion. The Office of Judges noted that reports from Raleigh General Hospital showed Ms. Greene was instructed to stop taking the medication Crestor because it could be causing myalgia. It therefore found it was also important for her to see Dr. Prud'homme to determine if the medication was indeed the problem.

The Board of Review affirmed the Order of the Office of Judges in its August 17, 2012, decision insofar as it authorized a one-time change of physician to Dr. Kominsky. It reversed the Office of Judges' Order insofar as it authorized a referral to Dr. Prud'homme and/or another hand specialist. It found that the Office of Judges' analysis and conclusions were clearly wrong. The only compensable condition in the claim is right elbow sprain/strain. In his August 31, 2011, treatment note, Dr. Whitfield reported that Ms. Greene's right brachialis muscle pain had resolved and that she was not experiencing any upper arm or elbow pain. Dr. Whitfield recommended she be referred to Dr. Prud'homme for evaluation of her bilateral forearm pain because of a possible inherent muscle problem. Since the referral was not for the treatment of the compensable condition in this claim, the Board of Review found that it was not medically necessary or reasonably required. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum